## CUNNINGHAM v. JAQUES, SHERIFF &c.

In case. Matter of Practice.

Argued and decided orally, at February Term, 1842.

1. An action on the case against a Sheriff for an escape, or for taking an insufficient bail bond, does not survive, and cannot therefore be continued against his personal representatives.
2. Whether an action will lie against a Sheriff for taking an insufficient bail bond. Quere?

This was an action of trespass on the case for an Escape. After issue joined, and the cause had been noticed for trial, the defendant died.

*Mr. Simpson* for the plaintiff, now moved for leave to suggest upon the record, the death of the defendant : and for a rule to continue the cause against his administrator.

*S. G. Potts, contra,* cited 1 *Chitt. Pl.* 78, 79, *N. York ed. of* 1809; *Martin* v. *Bradley and others, Admrs. &c.* 1 *Caines' R.* 124; *Hambly* v. *Troth, Cowp.* 372.

Opinion of the Court.

HORNBLOWER, C. J. The first count in this declaration is for an escape ; and the second for taking an insufficient bond &c. : and the question is, whether this action can be continued against the administrator of the Sheriff, upon either of these counts. The counsel for the plaintiff seemed to suppose the case came within the equity of the second section of our statute, *Elm. Dig.* 165, giving remedies in certain cases, against the representatives of a deceased wrong doer, where no remedy existed at the common law. But it is neither within the letter, nor the equity of the statute. Its provisions are specific, and confined to cases of trespass, or conversion of goods and chattels by the testator or intestate in his lifetime. The authorities cited by the defendant's counsel are conclusive on this question. It is true, that the statute, *de bonis asportatis in vita testatoris,* 4 *Ed.* 3 *C.* 7, of which the first section of our statute is a copy, being a remedial law, has always been expounded largely ; and though it makes use of the word trespass only, it has been extended to other cases, within the meaning and intent of the statute : so that now by an

equitable construction of the statute, an executor or administrator may have the same actions for any injury done to the *personal estate* of the testator or intestate, in his lifetime, whereby it is become less beneficial to the executor or administrator, as the testator or intestate might have had, whatever the form of action might be. *Berwick* v. *Andrews*, 2 *Ld. Raym.* 973; *Williams* v. *Carey*, 4 *Mod.* 403; *Russell's case*, 5 *Rep.* 27, *a.*; 1 *Saund.* 216, *a. in note* 1, and other cases there cited. But in all these cases, the remedy has been extended to actions *by* executors or administrators of the person, whose *personal estate* has been injured in his lifetime, against *the person* doing the injury; and not against his representatives. The rule, of *actio personalis moritur cum persona*, so far as relates to the liability of the representatives of the wrong-doer, remains untouched, except so far as it is specifically altered by statute. Therefore, although an executor may maintain an action of escape against the sheriff; yet the plaintiff or his representative, cannot maintain such action against the executor or administrator of the sheriff. Per *Holt, C. J.* in *Berwick* v. *Andrews*, 2 *Ld. Raym.* 973.

It was said by the plaintiff's counsel, that an action would lie against the executor of a common carrier or of an attorney, upon the ground, that their undertaking was ex-contractu, express or implied; and upon the like principles it ought to lie against the representatives of a sheriff; since he not only by assuming the office, impliedly undertakes to perform its appropriate duties, for the benefit of every suitor; but by his bond, expressly stipulates, that in all things touching his office, as well with respect to *all persons concerned*, as to the state, he will well and truly, justly and faithfully perform and execute his duties. There is some reason in this argument; but before it can prevail with the court, it must be successfully addressed to the legislature. So far as the sheriff by his negligence or malfeasance, has forfeited his bond, the plaintiff's remedy is by an action on that instrument, pursuant to the provisions of the statute on that subject. But an escape is a tortious and criminal act. An action therefore, against the sheriff himself, would be entirely *ex delicto*; and consequently does not survive against his executor or administrator. The neglect to take a bond, or a sufficient bond, whether a bail bond or a bond for the limits, is an injury of the same

character, and therefore neither cause of action can be continued against the administrator.

Whether any action will lie against a sheriff for not taking a bail bond, or bond for the limits, or a sufficient one, is another question ; as the sheriff would be liable to be amerced in the one case, and for an escape in the other, it may be doubted. The rule therefore is refused.

*Rule Refused.*